# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA LABRECQUE, <br> As Mother and Next Friend, <br> And on behalf of T.N., <br><br> Plaintiff, <br><br> v. <br><br> SCHOOL ADMINISTRATIVE <br> DISTRICT 57, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Docket # 06-CV-16-P-S <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket # 2). As explained below, the Motion for Temporary Restraining Order is GRANTED IN PART.

To obtain a TRO pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a plaintiff must show: (1) that the plaintiff has a likelihood of success on the merits, (2) that the plaintiff will suffer irreparable injury if the TRO is not granted, (3) that such injury outweighs any harm that would be inflicted upon the defendant, and (4) that the public interest will not be adversely affected by the granting of such a petition. See Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir. 2004).

T.N. is a thirteen-year-old girl who received a ten-day suspension from Massabesic Middle School on November 2, 2005 for allegedly making a bomb threat. Although nearly three months have passed since that date, T.N. has still not had a due process hearing. Through this action, her mother asks that the Court order Defendants to allow T.N. to return to her classes,

cease their efforts to expel her, and cease publication of comments relating to the alleged threat. Should Defendants hold a suspension or expulsion hearing, Plaintiff asks the Court to order Defendants to provide T.N. with a copy of a tape or transcript of the police interrogation conducted on school grounds on November 2, 2005, and to honor her constitutional privilege against self-incrimination.

Having reviewed the information submitted by Plaintiff and Defendants, the Court is satisfied that School Administrative District 57 ("SAD 57"), by refusing to either grant T.N. a due process hearing or allow T.N. to return to school after serving her ten-day suspension, has caused T.N. to suffer continuing irreparable injury. Each day that T.N. has been prevented from attending school has caused her to fall farther behind academically and socially; each day lost is invaluable and can never be retrieved.

In addition, the Court concludes that Plaintiff has a high likelihood of success on the merits of her claim that SAD 57 has violated T.N.'s due process rights, in violation of both Maine and federal law, by indefinitely extending her suspension beyond ten days without notice or hearing. The Court finds that allowing T.N. to return to school, and requiring that she receive the process to which she is entitled, serves the public interest in allowing all young people the access to education guaranteed under the state and federal law, as well as the general public interest in upholding due process rights. Finally, having considered the balance of the hardships on all parties, the Court concludes that the irreparable harm T.N. continues to suffer from being *de facto* excluded from school without due process outweighs any hardship on SAD 57 caused by requiring it to allow T.N. to return to school or to hold a disciplinary hearing that comports with due process requirements.

Therefore, pending a hearing on Plaintiff's Motion for Preliminary Injunction, Defendant School Administrative District 57 is HEREBY RESTRAINED AND ENJOINED in the following manner:

1. T.N. shall be allowed to return to her regular classes at Massabesic Middle School beginning Tuesday, January 31, 2006. She shall not be isolated from her classmates or in any manner placed in an alternative program.

2. T.N. shall not be expelled or suspended unless a due process hearing is held.

3. Should a hearing be held, the following minimum requirements must be met in order to supply T.N. the due process to which she is entitled in accordance with <u>Carey on behalf of Carey v. Me. Sch. Admin. Dist. #17</u>, 754 F. Supp. 906, 919 (D. Me. 1990):

   a. T.N. must be advised of the charges against her;

   b. T.N. must be informed of the nature of the evidence against her;

   c. T.N. must be given an opportunity to be heard in her own defense;

   d. T.N. must not be punished except on the basis of substantial evidence;

   e. T.N. student must be permitted the assistance of a lawyer;

   f. T.N. must be permitted to confront and to cross-examine the witnesses against her; and

   g. T.N.'s hearing shall be conducted before an impartial tribunal.

4. Should an expulsion or suspension hearing be held, T.N.'s right to be informed of the nature of the evidence against her includes a right to a copy of all of the evidence to be used against her. T.N. must receive these materials by noon on

       Tuesday, January 31, 2006, in order to give her and her counsel adequate time to review them.

5. Should an expulsion or suspension hearing be held, the impartial tribunal must record or make a full transcript of the proceedings.

6. The impartial tribunal must issue a written explanation of its decision, including the findings of fact on which the decision is based.

In accordance with Fed. R. Civ. P. 65(b) and absent any good cause extension, this Order shall expire ten (10) days after entry. The hearing on the Motion for Preliminary Injunction is set for February 7, 2006 at 9:00 a.m. With regard to the security mandated under Fed. R. Civ. P. 65(c), the Court has discretion to waive the security bond requirement. Given the strength of Plaintiff's case, as well as the minimal damages Defendant SAD 57 could conceivably suffer under this Order, the Court will waive the security requirement for Plaintiff.

In view of this Order, the Court does not feel it necessary to issue a TRO with respect to the individual School Defendants. At this time the Court denies the requested TRO against the Police Defendants.

    SO ORDERED.

                                                     /s/ George Z. Singal
                                               U.S. Chief District Judge

Dated the 30th of January 2006 at 3:00 p.m.