## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA LaBRECQUE, as mother and next friend of T.N., ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Docket No. 06-16-P-S |
| SCHOOL ADMINISTRATIVE DISTRICT NO. 57, et al., ) ) ) ) | |
| Defendants ) | |

### RECOMMENDED DECISION ON MOTION OF DEFENDANT CHRIS ANDRISKI TO DISMISS

Chris Andriski, one of 25 individually named defendants in this action, seeks dismissal of all claims asserted against him. I recommend that the court grant the motion in part.

### I. Applicable Legal Standard

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(6), which provides for dismissal upon failure to state a claim on which relief may be granted. Defendant Chris Andriski's Motion to Dismiss, etc. ("Motion") (Docket No. 40) at 1. "[I]n ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would not be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001); *see also Wall v. Dion*, 257 F. Supp.2d 316, 318 (D. Me. 2003).

1

## II. Factual Background

The current version of the complaint in this action asserts the following relevant facts.

Andriski was, at all relevant times, the vice-principal of Massabesic Junior High School, employed by defendant Maine School Administrative District No. 57 ("MSAD 57"). First Amended Complaint, etc. ("Complaint") (Docket No. 34) ¶ 28. T.N. was a student at Massabesic Junior High School on November 2, 2005, when she pointed out to two friends a writing on the wall of the girls' bathroom reading, "There's a bomb in the school." *Id*. ¶ 40. After T. N., accompanied by a friend, had reported the writing to a teacher in the principal's office and gone to class, Andriski removed her and her friend from their classes and brought them to the principal's office. *Id*. ¶¶ 41-42. Andriski then ordered T.N. to go into his office with a police officer employed by the York County Sheriff's Department, where the officer interrogated her. *Id*. ¶¶ 42-43. Andriski called the Sheriff's Department for additional officers. *Id*. ¶ 44.

The term "School Defendants" means defendants Allaire, Ouellette, Hanson, Allen, Harrison, Ross, Bergeron, King, Shoemaker, Burbank, LaFrance, Shuckhart, Faith, Meltzer, Steele, Gibson, Metcalfe, Vermette, Green and Fisher. *Id*. ¶ 59. Count I is asserted against the School Defendants. *Id*. at [20], [23]. Count II is asserted against the School Defendants and the Police Defendants. *Id*. at [24], [26]. Count VII is also asserted against the School Defendants and the Police Defendants. *Id.* at [33]. In none of the counts is Andriski mentioned by name.

## III. Discussion

Andriski first contends that he is entitled to dismissal because none of the counts, by the complaint's own terms, is asserted against him. Motion at 3. He argues in the alternative that if his name was omitted from the complaint's definition of the School Defendants through an oversight, the counts pleaded against the School Defendants fail to state a claim against him. *Id*. The plaintiff states

2

in her opposition to the motion that "[o]mission of Defendant Andriski from" the definition of the School Defendants "was a mistake," and that he also should have been mentioned individually in Counts IV and V. Opposition to Defendant Chris Andriski's Motion to Dismiss ("Opposition") (Docket No. 48) at 2 n.1. She asserts that "it is clear" "[f]rom a reading of the entire complaint" that Andriski "played a key role in the illegal interrogations and is a 'school defendant,'" and asks that she be "given a chance to amend the Complaint to correct the clerical error." *Id*. While I doubt that these errors can properly be characterized as clerical, I will assume for purposes of considering the motion that Andriski had been included in the amended complaint as the plaintiff apparently intended and will deal with her request at the end of this recommended decision.

The plaintiff does not respond to Andriski's argument that Count I is pleaded as a claim asserted under Maine Rule of Civil Procedure 80B, which lies only against governmental agencies. Motion at 3. She does point out, Opposition at 2-3, that Count I also alleges a claim under 42 U.S.C. § 1983, which is not so limited. Complaint ¶ 95. More importantly, however, only one subparagraph of Count I conceivably refers to Andriski's alleged actions, as opposed to those of the School Board or defendants Lynda Green and Mark Fisher. *Id*. ¶¶ 91-96. Paragraph 92(q) asserts that "School Defendants breached their duty to Plaintiff T. N., as in loco parentis, to insure that Plaintiff T.N. was provided, during the entire Police interview of November 2, 2005, with a parent, teacher, adult friend or guardian to sufficient [sic] to protect and advise Plaintiff T.N. during said statement." The pro forma inclusion of all previous paragraphs of the amended complaint into Count I by paragraph 92 of the amended complaint adds nothing to suggest that any of the other specific allegations in Count I implicate Andriski. The plaintiff cites no authority for the proposition that T. N. had a federal constitutional right to have her school's vice-principal act *in loco parentis* while she was being questioned by police. Case law is to the contrary. *E.g., Doe v. Claiborne County*, 103 F.3d 495, 510

(6th Cir. 1996) (collecting cases from 3rd, 7th, 8th and 10th Circuits) ("Although . . . a school system has an unmistakable duty to create and maintain a safe environment for its students as a matter of common law, its *in loco parentis* status  . . . [does] not sufficiently 'restrain' students to raise a school's common law obligation to the rank of a *constitutional* duty.") (emphasis in original); *Oldham ex rel. Young v. Cincinnati Pub. Sch.*, 118 F.Supp.2d 867, 875 (S.D. Ohio 2000) (same).  On the showing made, Andriski is entitled to dismissal of Count I as to him.

Andriski contends that he "has no[] authority" with respect to the relief sought in Count II and thus is entitled to dismissal of that count.  Motion at 3.  That count alleges, *inter alia*, that the School Defendants and the Police Defendants "conspired to wrongfully deprive Plaintiff T. N. of her right against self-incrimination,'" Complaint ¶ 100; the School Defendants deprived her "of the education to which she is constitutionally entitled," *id*. ¶ 98; the School Defendants deprived of her "right to know the evidence against" her and her "constitutional rights under the 6th and 14th Amendments," *id.* ¶ 104; the School Defendants deprived her of equal protection of the law, *id*. ¶ 106; the School Defendants and the Police Defendants have "violated Plaintiffs' [sic] constitutional interests in their [sic] good reputations," *id*. ¶ 110; and the School Defendants have intentionally caused T. N. to suffer severe emotional distress, *id*. ¶ 111.  Count II demands the following injunctive relief:

> a. enjoining defendants from interfering in any manner with Plaintiffs' [sic] exercise of rights secured by the United States Constitution or in basing any action regarding Plaintiff upon Plaintiff's exercise of her constitutional rights;
>
> b. requiring School Defendants to allow Plaintiff to return to her regular classrooms and program at school immediately with no restrictions or conditions; and
>
> c. Police Defendants to immediately provide Plaintiff with all evidence against her, including but not limited to the tape and transcript of the tape recording of the police interrogation of Plaintiff on November 2, 2005; and

4

>> d. Enjoining Defendants from publishing any comments relating to Plaintiffs' [sic] relating in any way to Plaintiff T. N.'s alleged participation in the bomb threat and her coerced statements, and requiring School Defendants to remove any such comments or reference from the school system's and Plaintiff T.N.'s records and/or files.

*Id*. at [26]-[27]. Although Count II bears the title "Injunctive Relief," *id*. at [24], it also demands that the school defendants other than Andriski be ordered to pay certain compensatory and punitive damages, *id*. at [27].

While it is possible to construe some of the demands for relief in Count II to include Andriski as one of the "School Defendants" or "Defendants," the plaintiff does not respond to Andriski's motion to dismiss this count as to him, Opposition at 1-5, and therefore is deemed to have waived any opposition, *Graffam v. Town of Harpswell*, 250 F.Supp.2d 1, 8 (D. Me. 2003); *see also* Local Rule 7(b). Accordingly, the motion should be granted as to Count II.

Andriski next asserts that he is entitled to dismissal of Count III because "there are no allegations that Mr. Andriski has infringed on any of T. N.'s rights." Motion at 3. Count III of the amended complaint is entitled "Declaratory Judgment/Civil Rights Against Police Defendants." Complaint at [27]. It cannot reasonably be read to assert a claim against Andriski.

Andriski filed no reply to the plaintiff's opposition to the instant motion, which asserts that Counts IV, V and VII state claims against Andriski as one of the School Defendants. Opposition at 4. Indeed, the sole basis for Andriski's motion to dismiss these counts as to him is that he is neither specifically mentioned therein nor included in the plaintiff's definition of "School Defendants," which we now know from the plaintiff's opposition was an oversight. Accordingly, the motion to dismiss should be denied as to these counts.

Leave is granted to the plaintiff to further amend paragraph 59 of the amended complaint to include defendant Andriski in the definition of "School Defendants" and to further amend Counts IV

5

and V of the amended complaint by adding Andriski's name to the statements preceding paragraphs 118 and 124.  No further amendments are necessary to make clear that Counts IV, V and VII of the amended complaint are asserted against Andriski.

For the foregoing reasons, I recommend that the motion of defendant Chris Andriski to dismiss be **GRANTED** as to Counts I and II of the amended complaint and otherwise **DENIED**.  If this recommended decision is adopted, I further recommend that the plaintiff be directed to file forthwith a second amended complaint consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of March, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge