## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA LaBRECQUE, as mother and next friend of T.N., </br></br> Plaintiff </br></br> v. </br></br> SCHOOL ADMINISTRATIVE DISTRICT NO. 57, et al., </br></br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) )   Docket No. 06-16-P-S |

### MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

The twenty-eight defendants in this case move jointly for sanctions against the plaintiff and her counsel for the failure of the plaintiff, T.N. and Jason O'Brien, all of whom are represented by the same attorneys, to appear at their properly noticed depositions on July 19, 2006. Defendants' Motion for Sanctions, etc. ("Motion") (Docket No. 130) at 1. Specifically, the defendants request an award that will reimburse them for the costs they incurred as a result of this failure and "such other further sanctions as the Court determines . . . necessary." *Id*. at 7-8.

On June 21, 2006 counsel for defendants Michael Hayes, Roger Hicks and Gary Fecteau issued notices for the depositions of T.N., the plaintiff and Jason O'Brien on July 19, 2006. Notices, Exhibit A to Docket No. 122 (sealed document). Counsel for the plaintiff states that she "agreed to the scheduling of the June 19 depositions, with the explicit understanding that the deponents would be asserting their Fifth Amendment and other constitutional rights and refusing to answer questions related to the on-going criminal investigation." Plaintiff's Opposition to Defendants' Motion for

Sanctions ("Opposition") (Docket No. 152) at 3. Counsel for the plaintiff had been advising counsel for the defendants since June 2, 2006 that she would be seeking a protective order with respect to these depositions. *Id*. at 2. On July 12, 2006 she requested a telephone conference with the court with respect to the depositions. This conference was held on July 14, 2006. Docket No. 117. I orally denied the plaintiff's request for a protective order at that time.[1]

On July 18, 2006 counsel for the plaintiff again requested a telephone conference, seeking reconsideration, *inter alia*, of my oral ruling regarding her request for a protective order. That conference was held by Magistrate Judge Kravchuk, who issued a written report and order denying, *inter alia*, the request of the plaintiff's counsel that the depositions scheduled for the next day be stayed. Report of Hearing and Order re: Discovery Dispute (Docket No. 121) ("Report") at 3-4. Counsel for the plaintiff then sent defense counsel an e-mail entitled "Notice of Intent to Appeal and Not to Appear." Exh. 3 to Motion. Another member of the same law firm sent another e-mail to defense counsel several hours later stating that "there is arguably, substantial, permissible discovery we can and are reasonably willing to produce," and requesting that the depositions be rescheduled so that he could attend. Exh. 4 to Motion at 2-3. Counsel for the defendant responded by e-mail the following morning, July 19, 2006, declining to reschedule the depositions. *Id.* at 1-2. The plaintiff's second lawyer responded that his clients "were left with the very firm conviction that the depositions were not going to involve much, if any, unprivileged material but, rather, would be focused on privileged material — something that would be very offensive, emotionally damaging to our clients, and unproductive for all concerned. Accordingly, they have made other plans for today." Exh. 5 to Motion. Neither counsel for the plaintiff nor any of the deponents appeared at the scheduled depositions.

---

[1] I issued a written Report of Hearing and Order memorializing my oral rulings on July 19, 2006. Docket No. 123.

There can be no question that this conduct by counsel for the plaintiff is subject to sanctions under Fed. R. Civ. P. 37(d) and 28 U.S.C. § 1927. Counsel's request for a stay of the depositions had twice been denied by this court. Plaintiff's counsel attempts to explain the lack of compliance by asserting that counsel "was put in a position of making a very difficult decision" about whether she and her clients should appear at the depositions because she believed the court's ruling to be erroneous and had made clear her intent to file an appeal from that ruling. Opposition at 3-4. However, Judge Kravchuk carefully and clearly noted that "T.N. could invoke her rights under the Fifth Amendment during the deposition should she or her mother decide that she should do so" and "expressed no opinion as to whether Ms. LaBrecque or Mr. O'Brien could invoke a right under the Fifth Amendment individually or that Ms. LaBrecque could claim a parent-child privilege." Report at 3, 4. Counsel's choice of the self-help remedy of failing to appear and apparently advising their clients not to do so was not a course open to them as officers of the court.[2] Attorneys who deliberately flout a court's orders may not escape sanctions for such conduct by announcing in advance to opposing counsel that they intend to do so.

Fed. R. Civ. P. 37(d) provides that failure of a party to appear for a duly noticed deposition subjects that party to sanctions including an order to pay the reasonable expenses, including attorney fees, caused by the failure. Under 28 U.S.C. § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions against the plaintiff's attorneys in this case are fully justified under both of these authorities.

---

[2] Counsel's assertion that she "believe[ed] that Plaintiff's motion for protective order was 'pending' albeit through appeal by object[ion] within the meaning of the last paragraph of Fed. R. Civ. P. 37(d)," Opposition at 4, is untenable on its face. No appeal had been filed as of the date and time of the scheduled depositions and, as the First Circuit has recently made clear, Docket No. 171, no appeal of this court's clearly interlocutory order was available to the plaintiffs.

Accordingly, the defendants' motion for sanctions is **GRANTED** as follows**:** Counsel for the plaintiff, T.N. and Mr. O'Brien, and not the clients themselves, are hereby ordered to pay the defendants the costs reasonably incurred by the defendants as a result of the failure of the plaintiff, T.N. and Jason O'Brien to attend their scheduled depositions on July 19, 2006. Counsel shall confer within ten (10) days of the entry of this memorandum decision on the docket and make a good-faith effort to agree upon the amount of reimbursable costs to be awarded to the defendants. If agreement is reached, a proposed order setting forth the award shall be filed *forthwith* for the court's consideration. If agreement is not reached, the defendants shall file a formal application for an award in a specific amount in accordance with the terms of this decision within twenty (20) days of the entry of this memorandum decision and the plaintiff's counsel shall respond thereto in accordance with Local Rule 7.

So ordered.

Dated this 30th day of November, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge